IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LANDREO LURRY,                        )
                                      )
        Petitioner,                   )
                                      )
v.                                    )        No. 13-cv-02580-SHM
                                      )        No. 09-cr-20312-SHM
UNITED STATES OF AMERICA,             )
                                      )
        Respondent.                   )

---

**ORDER**

---

Before the Court is Landreo Lurry's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion"). (ECF No. 1; see also Mem. of Fact and Law in Supp. of Mot. Filed Under [28 U.S.C. § 2255], ECF No. 1-1 ("Mem. ISO § 2255 Mot.").) The United States (the "Government") responded on August 6, 2014. (Resp. of the United States to Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 7 ("§ 2255 Resp.").) Lurry filed a reply in support of the § 2255 Motion on September 5, 2014. (Reply of Pet'r to United States Resp. to Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 8 ("§ 2255 Reply").) On July 8, 2016, Lurry notified the Court that he also sought relief based on

Johnson v. United States, 135 S. Ct. 2551 (2015). (Notice of Request for Review, ECF No. 12 ("Johnson Notice").)

For the following reasons, the § 2255 Motion is DENIED. Lurry's request for relief under Johnson is GRANTED.

## I.    BACKGROUND

On January 11, 2011, Lurry pled guilty to one count of violating 18 U.S.C. § 922(g) by being a felon in possession of a firearm. (Order on Change of Plea, ECF No. 75 in 09-20312;[1] see also Indictment 1, ECF No. 5 in 09-20312.) At Lurry's sentencing, the Court determined that Lurry was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because Lurry had three prior convictions for aggravated burglary under Tennessee law. (See, e.g., Hr'g Tr. 31, ECF No. 90 in 09-20312 ("Sentencing Tr."); see also Presentence Investigation Report ¶¶ 22, 28–29 in 09-20312.) The Court sentenced Lurry to 180 months in prison followed by three years of supervised release. (Sentencing Tr. 34–35; J. in a Criminal Case 2–3, ECF No. 84 in 09-20312.) Had the Court determined that Lurry was not an armed career criminal, he would have been subject to a statutory maximum sentence of 120 months in prison. 18 U.S.C. § 924(a)(2).

---

[1] References to "09-20312" are to filings in Lurry's criminal case, United States v. Lurry, Case No. 2:09-cr-20312 (W.D. Tenn.).

After an appeal, Lurry filed the § 2255 Motion on July 29, 2013. It has three grounds.[2] First, Lurry argues that he received ineffective assistance of counsel at sentencing because his counsel did not argue that Lurry's aggravated-burglary convictions were not violent felonies under § 924(e).[3] (§ 2255 Mot. 5-6; Mem. ISO § 2255 Mot. 7-10.) Second, Lurry argues that he received ineffective assistance of counsel on appeal because his counsel failed to argue that the traffic stop leading to Lurry's arrest was unconstitutional. (§ 2255 Mot. 6-7; Mem. ISO § 2255 Mot. 10-12.) Third, Lurry argues that his guilty plea "was not entered with the advice of competent counsel." (§ 2255 Mot. 8.) The gravamen of the third argument is that Lurry's counsel did not adequately inform him of possible § 924(e) penalties. (Id.; see also Mem. ISO § 2255 Mot. 12-13.)

On June 24, 2016, the Court appointed counsel for Lurry, to review his case in light of Johnson. (Order Appointing Counsel Pursuant to the Criminal Justice Act, ECF No. 99 in 09-20312.) On July 8, 2016, Lurry sought relief under Johnson. (Johnson Notice.)

---

[2] The § 2255 Motion contains a Ground Four, but it is titled "An Evidentiary Hearing Is Required" and does not present a substantive ground for relief. (§ 2255 Mot. 9; see also Mem. ISO § 2255 Mot. 13-14.)

[3] The ACCA's violent-felony framework is discussed below. (See Section II.B infra.)

3

On September 21, 2016, the Court entered an order administratively closing this case pending the en banc decision of the U.S. Court of Appeals for the Sixth Circuit in United States v. Stitt. (Order, ECF No. 14.) On June 27, 2017, the Sixth Circuit held that aggravated burglary under Tennessee law no longer qualifies as a violent felony for purposes of § 924(e). United States v. Stitt, No. 14-6158, 2017 WL 2766326, at *1, *7 (6th Cir. June 27, 2017).

On July 7, 2017, the U.S. Probation Office for the Western District of Tennessee circulated a memorandum addressing Lurry's sentence (the "Probation Memorandum"). The Probation Memorandum concludes that Lurry is entitled to relief under Johnson. (Probation Mem. 1-2.) The Probation Memorandum also recalculates Lurry's guideline imprisonment range. (Id. at 2-3.) It determines that his total offense level is 20 and that his criminal-history category is IV. (Id.) The resulting guideline imprisonment range is 51 to 63 months. (Id. at 3.) Lurry has served approximately 95 months of his original sentence. (Id.) The Probation Memorandum concludes that, "should the court vacate Mr. Lurry's sentence [pursuant to Johnson], it appears that any sentence the Court should impose within the guideline range as recalculated would result in a [time served] sentence." (Id.)

On July 10, 2017, the Court ordered the Government to respond to the Probation Memorandum. (Order Directing United

4

States to Respond, ECF No. 16.)  The Government responded on July 11, 2017.  (Resp. of the United States to U.S. Probation Office's Mem. Review of Movant's Mot. Under 28 U.S.C. § 2255 –– Request for Johnson Review, ECF No. 17 ("Johnson Resp.").)  The Government states that it "agrees that under circuit case law, [Lurry] is entitled to relief from his sentence." (Id. at 1; see also id. at 2-3.)  The Government also states that, "[i]f the Court agrees . . . , it should vacate [Lurry's] sentence and resentence him to time served, with a three-year period of supervised release." (Id. at 1; see also id. at 4.)

## II.  LEGAL STANDARDS

### A.  Section 2255 Motions

Lurry seeks relief under 28 U.S.C. § 2255.  (§ 2255 Mot.) Under § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"To succeed on a § 2255 motion, a prisoner in custody must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or

5

law that was so fundamental as to render the entire proceeding invalid.'" McPhearson v. United States, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003)).

A prisoner must file his § 2255 motion within one year of the latest of:

> (1)   the date on which the judgment of con-
>        viction becomes final;
>
> (2)   the date on which the impediment to
>        making a motion created by governmental
>        action in violation of the Constitution
>        or laws of the United States is re-
>        moved, if the movant was prevented from
>        making a motion by such governmental
>        action;
>
> (3)   the date on which the right asserted
>        was initially recognized by the Supreme
>        Court, if that right has been newly
>        recognized by the Supreme Court and
>        made retroactively applicable to cases
>        on collateral review; or
>
> (4)   the date on which the facts supporting
>        the claim or claims presented could
>        have been discovered through the exer-
>        cise of due diligence.

28 U.S.C. § 2255(f).

Ineffective assistance of counsel can serve as a ground for § 2255 relief. See, e.g., Campbell v. United States, 686 F.3d 353, 357 (6th Cir. 2012). The standard for ineffective assis- tance is provided by Strickland v. Washington, 466 U.S. 668 (1984). To establish ineffective assistance, "[f]irst, the de- fendant must show that counsel's performance was defi-

6

cient. . . .   Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 687.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

To demonstrate deficient performance, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688.  In considering an ineffective-assistance claim, a court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. . . .  The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687, 689).

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.  "In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted different-

7

ly. . . .  The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 111-12 (citing Wong v. Belmontes, 558 U.S. 15, 27 (2009); Strickland, 466 U.S. at 693).

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697.  If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient.  Id.

"Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010) (citing Strickland, 466 U.S. at 689, 693).

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve.  Even under de novo review, the standard for judging counsel's representation is a most deferential one.  Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.  It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence."  The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms,"

> not whether it deviated from best practices
> or most common custom.

Richter, 562 U.S. at 105 (citations omitted).  "Counsel [cannot] be unconstitutionally ineffective for failing to raise . . . meritless arguments."  Mapes v. Coyle, 171 F.3d 408, 427 (6th Cir. 1999).

After a petitioner files a § 2255 motion, the court reviews it and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."  Rules Governing Section 2255 Proceedings for the U.S. District Courts ("§ 2255 Rules") at Rule 4(b).  "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Id. The § 2255 movant is entitled to reply to the government's response.  Id. at Rule 5(d).  Where the court considering the § 2255 motion also handled the earlier proceedings at issue (e.g., the change of plea and the sentencing hearing), the court may rely on its recollection of the proceedings.  See, e.g., James v. United States, No. 3:13-01191, 2017 WL 57825, at *1 (M.D. Tenn. Jan. 4, 2017) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)).

9

### B.   ACCA's "Violent-Felony" Framework

Lurry challenges the Court's finding that he was an armed career criminal under the ACCA.    Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) who has three prior convictions for violent felonies or serious drug offenses is subject to a mandatory minimum sentence of 180 months in prison.    18 U.S.C. § 924(e)(1).   Without the prior qualifying convictions, a defendant convicted under § 922(g) is subject to a statutory maximum sentence of 120 months.    Id. § 924(a)(2).

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (a) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (b) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated-offenses clause"); or (c) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").   Id. § 924(e)(2)(B).

In Johnson v. United States, the Supreme Court held that a sentence imposed under the residual clause of the ACCA violates due process.   135 S. Ct. at 2563.   In Welch v. United States, the Supreme Court applied its holding in Johnson retroactively to ACCA cases on collateral review.    136 S. Ct. 1257, 1268

10

(2016); see also In re Watkins, 810 F.3d 375, 383–84 (6th Cir. 2015).

## III. ANALYSIS

### A.  Timeliness

Lurry was sentenced on May 5, 2011.  (Minutes, ECF No. 83 in 09-20312.)  He appealed.  (See, e.g., Notice of Appeal, ECF No. 86 in 09-20312.)  The U.S. Court of Appeals for the Sixth Circuit entered its order affirming Lurry's conviction on June 20, 2012.  United States v. Lurry, 483 F. App'x 252 (6th Cir. 2012).

Lurry did not seek a writ of certiorari in the U.S. Supreme Court.  For purposes of § 2255(f)(1), "[w]here a defendant pursues direct review but does not seek a writ of certiorari, the conviction becomes final at expiration of the time for seeking such a writ."  Story v. United States, Nos. 2:13-CR-55-JRG-MCLC-1, 2:16-CV-282-JRG, 2016 WL 7077616, at *2 (E.D. Tenn. Dec. 2, 2016) (citing Clay v. United States, 537 U.S. 522, 525 (2003); U.S. Sup. Ct. R. 13(3)).  The deadline for seeking a writ of certiorari from the U.S. Supreme Court is 90 days "from the date of entry of the judgment or order sought to be reviewed."  U.S. Sup. Ct. R. 13(3).  That deadline was September 18, 2012.  Lurry's conviction became final that day.  Lurry filed the § 2255 Motion within a year of that date.  The § 2255 Motion is timely.

Lurry's request for relief under <u>Johnson</u> was not part of
the § 2255 Motion.  The request was communicated to the Court on
July 8, 2016.  (<u>Johnson</u> Notice.)  The request supplements the
§ 2255 Motion.

Proposed amendments and supplements to a § 2255 motion must
be filed within § 2255(f)'s one-year statute of limitations.
<u>See, e.g.</u>, <u>Berry v. United States</u>, No. 2:14-CV-02070-STA-CGC,
2017 WL 401269, at *10 (W.D. Tenn. Jan. 30, 2017).  Lurry's re-
quest for <u>Johnson</u> relief does not meet the § 2255(f) deadline.
Under § 2255(f)(3), a petitioner must bring a § 2255-related ar-
gument within one year of "the date on which the right asserted
was initially recognized by the Supreme Court . . . ."  <u>John-
son</u> was decided on June 26, 2015.  Lurry's request for <u>Johnson</u>
relief was not filed within one year of that decision.

The § 2255(f) statute of limitations is not jurisdictional,
however, and the Government can waive it.  <u>See, e.g.</u>, <u>Pittman v.
United States</u>, No. 3:10-CR-1542-TAV-HBG, 2016 WL 3129198, at *2
(E.D. Tenn. June 2, 2016); <u>United States v. Miller</u>, No. 6:13-
7324-DCR, 2014 WL 4693689, at *6 (E.D. Ky. Aug. 28, 2014).  The
Government's <u>Johnson</u> Response does not raise § 2255(f).  (<u>See
generally</u> <u>Johnson</u> Resp.)  Indeed, the Government agrees that
"[i]f this Court grants [Lurry's] § 2255 motion, it should va-
cate his sentence and impose a sentence of time served . . . ."

(Id. at 4.)  The Government has waived the § 2255(f) statute of limitations as to Lurry's Johnson argument.

**B.   Challenges to Sentence**

In the § 2255 Motion and his Johnson challenge, Lurry raises four arguments.   Two challenge Lurry's sentence, and two challenge his conviction.   As discussed below, one of Lurry's sentencing challenges -- his Johnson challenge -- is successful. Lurry's arguments challenging his conviction request relief beyond correction of his sentence.   The Court, therefore, must consider Lurry's conviction challenges even though his Johnson argument succeeds.

**1.   Johnson Challenge**

The Government does not dispute the merits of Lurry's Johnson argument.   In response to the Probation Memorandum, the Government agrees that, following Stitt, the Court should vacate Lurry's sentence and sentence him to time served.   (See generally Johnson Resp.)

The Court agrees with the Probation Memorandum's analysis. After Johnson and Stitt,[4] convictions for Tennessee aggravated

---

[4] The Stitt court has not yet issued a mandate.   The Government contends that "Stitt was wrongly decided" and that "it is quite possible the Supreme Court will review the matter 'soon.'"   (Id. at 3 (quoting Stitt, 2017 WL 2766326, at *11 (Boggs, J., concurring).)   Although the Government may seek a stay of the issuance of the mandate so that it may file a petition for writ of certiorari in the U.S. Supreme Court, this Court should not defer ruling on Lurry's § 2255 request.   "A decision from which an ap-

burglary no longer qualify as violent felonies under the ACCA.
Lurry no longer qualifies as an armed career criminal. He is
entitled to relief under <u>Johnson</u>. The judgment in Criminal Case
No. 09-20312 is VACATED.

The Court in its discretion may correct a sentence without
requiring the production of the prisoner. 28 U.S.C. § 2255(c).
Lurry has already served more than the high end of his recalcu-
lated guideline imprisonment range, and the Government agrees
that a time-served sentence is appropriate. Lurry is sentenced
to time served, to be followed by a three-year period of super-
vised release. All other terms and conditions the Court imposed
in its Judgment in Criminal Case No. 09-20312 are reimposed.
This order shall take effect 10 days from entry.

### 2. Ground One of the § 2255 Motion

Ground One of the § 2255 Motion argues that Lurry received
ineffective assistance of counsel at his sentencing because his
counsel did not argue that his aggravated-burglary convictions
were not violent felonies for purposes of § 924(e). (§ 2255
Mot. 5-6; Mem. ISO § 2255 Mot. 7-10.) The relief sought in
Ground One of the § 2255 Motion is the relief this Court has al-

---

peal is pending in a higher court should be followed, on the
principle of stare decisis, until it is reversed." Bryan A.
Garner et al., <u>The Law of Judicial Precedent</u> 258 (2016). For
now, <u>Stitt</u> is binding on this Court.

ready granted because of Lurry's <u>Johnson</u> challenge.  Ground One
of the § 2255 Motion is DENIED as moot.[5]

### C.    Challenges to Conviction

#### 1.    Ground Two of the § 2255 Motion

Ground Two of the § 2255 Motion argues that Lurry received
ineffective assistance of counsel on appeal.  (§ 2255 Mot. 6-7;
Mem. ISO § 2255 Mot. 10-12.)  Lurry argues that his appellate
counsel should have argued that the traffic stop that led to
Lurry's arrest was unconstitutional because it was triggered by
output from an automatic license-plate reader ("ALPR").  The
Government argues, as to the ALPR argument, that "there was con-
trary authority to [Lurry's] position," and so "it was not un-
reasonable for [Lurry's counsel] not to raise the issue on ap-
peal."  (§ 2255 Resp. 8.)

Assessing Lurry's argument requires brief review of his ar-
rest, his motion to suppress, and his direct appeal.  Lurry was
arrested following a traffic stop on August 12, 2009.  (R. & R.
on Def.'s Mot. to Suppress 2-3, ECF No. 42 in 09-20312 ("R&R").)
ALPR technology led to that stop.  (<u>Id.</u> at 3-4.)  ALPR technolo-
gy allows officers to capture images of vehicles' license plates
and check the plate numbers against various databases.  (<u>Id.</u> at

---

[5] This Order also moots certain motions filed in Lurry's civil
and criminal cases that challenge only his sentence.  Those mo-
tions are at ECF No. 15 in Case No. 13-2580 and ECF Nos. 96 and
97 in Case No. 09-20312.  They are DENIED as moot.

3.)  Officers initiated Lurry's stop after the vehicle Lurry was driving triggered a match in the ALPR system indicating that the vehicle's driver might have a warrant.[6]  (Id. at 3-4.)  During the stop, one of the arresting officers observed a "Kroger-type grocery bag filled with shotgun shells lying on the back seat" of the vehicle.  (Id. at 5.)  After observing the shells, the officer searched Lurry's vehicle and found a shotgun under the front passenger seat.  (Id.)  Possession of that shotgun was the crime to which Lurry pled guilty.  (See, e.g., Indictment.)

Lurry filed a motion to suppress, arguing that the Court should suppress any evidence obtained "as a direct or indirect result" of the traffic stop leading to Lurry's arrest.  (Mot. to Suppress 2, ECF No. 25 in 09-20312 ("Mot. to Suppress").)  In relevant part, the Motion to Suppress argued that (1) the traffic stop was done without reasonable suspicion and without probable cause; (2) the vehicle search performed during the stop was not a search incident to arrest; and (3) the vehicle search was not an inventory search.  (Id. at 6-8.)

After briefing and a hearing, Magistrate Judge Diane Vescovo issued a report and recommendations on the Motion to Suppress.  (See generally R&R.)  The R&R recommended that the Court deny the Motion to Suppress.  (R&R 16.)  Specifically, it recom-

---

[6]  It was later determined that the vehicle belonged to Lurry's girlfriend, Jennifer Barker, and that the warrant noted by the ALPR technology was for Barker's brother, not Lurry.  (R&R 4.)

mended that the Court find, <u>inter alia</u>, that (1) the initial stop of Lurry was reasonable; (2) Lurry's Fourth Amendment rights were not violated when the officers observed the shotgun shells, because the shells were in plain view; and (3) observing the shells gave the officers probable cause to search Lurry's vehicle. (<u>Id.</u> at 12–15.)

After briefing on Lurry's objections to the Report, the Court issued an order denying the Motion to Suppress. (Order Adopting in Part and Rejecting in Part Magistrate Judge's R. & R. and Denying Def.'s Mot. to Suppress, ECF No. 61 in 09-20312 ("Motion-to-Suppress Order").) The Motion-to-Suppress Order sustained some of Lurry's factual objections, but adopted the R&R's conclusions that the stop of Lurry was reasonable, that the shotgun shells were in plain view, and that there was probable cause to search Lurry's vehicle. (<u>Id.</u> at 11–13.)

After the Court denied the Motion to Suppress, Lurry filed a Reservation of Right to Appeal Denial of Motion to Suppress Evidence. (ECF No. 72 in 09-20312.) Lurry pled guilty to violating § 922(g), but "reserve[d] his right to appeal the denial of" the Motion to Suppress. (<u>Id.</u> at 1.)

On appeal, Lurry made one argument: that "the [district] court erroneously concluded that the plain view doctrine was a valid and applicable exception to the warrant clause of the Fourth Amendment." (Br. of Def./Appellant 11, <u>United States v.</u>

17

_Lurry_, Case No. 11-5604 (6th Cir. Sept. 1, 2011); see generally
id. at 14-29 (discussion of plain-view doctrine).)    The Sixth
Circuit agreed with Lurry that the plain-view doctrine did not
apply. _Lurry_, 483 F. App'x at 253.[7]  The Sixth Circuit neverthe-
less affirmed on the ground that the vehicle search was "a per-
missible protective search" under _Michigan v. Long_, 463 U.S.
1032 (1983).[8]  Id.

Judge Karen Nelson Moore concurred, raising "a concern over
the propriety of the initial traffic stop . . . , an argument
that Lurry does not make." Id. at 255 (Moore, J., concurring).

> Lurry was stopped solely because an automat-
> ic license-plate reader indicated that the
> address on the female owner's vehicle regis-
> tration matched the address on a black
> male's outstanding arrest warrant for driv-
> ing on a suspended license.  I do not see
> how that information even remotely suggests
> that a warrant existed for a current "occu-
> pant" of the pursued vehicle because that
> information suggests nothing about who is

---

[7] The basis for the Sixth Circuit's conclusion was that the doc-
trine only applies when a seized object's "'incriminating char-
acter is immediately apparent.'"  _Lurry_, 483 F. App'x at 253
(quoting _Minnesota v. Dickerson_, 508 U.S. 366, 375 (1993)).
That condition did not apply to the shells because "Lurry's pos-
session of them was illegal only due to his status as a felon,"
a status of which the officers conducting the stop were unaware.
Id. (internal quotation marks omitted).

[8] Under _Long_, officers may "search an automobile's passenger com-
partment for weapons if the officers have a reasonable belief --
based on specific and articulable facts -- that the suspect is
dangerous and may gain immediate control of weapons." Id. at
254 (quoting _Long_, 463 U.S. at 1049 (internal quotation marks
omitted)); see also id. at 254-55 (discussion of circumstances
of search).

> currently occupying the vehicle. Just be-
> cause a black male with a warrant at one
> point lived at an address where a female's
> vehicle is now registered is no reason to
> think that the present driver of the fe-
> male's vehicle, who happens to be a black
> male, is likely that same individual. This
> case offers yet another example of why auto-
> matic license-plate readers warrant further
> attention under the Fourth Amendment, a po-
> sition I raised in greater detail in my dis-
> sent in United States v. Ellison, 462 F.3d
> 557, 566–71 (6th Cir. [2006]) (Moore, J.,
> dissenting), cert. denied, [552 U.S. 947
> (2007)].

Id. at 255–56.

Ground Two of the § 2255 Motion argues that Lurry's appel-
late counsel provided ineffective assistance because she did not
make the argument raised in Judge Moore's concurrence. Inter-
preting the Strickland standard, the Sixth Circuit has held that
"[c]ounsel's failure to raise an issue on appeal amounts to in-
effective assistance only if a reasonable probability exists
that inclusion of the issue would have changed the result of the
appeal." Henness v. Bagley, 644 F.3d 308, 317 (6th Cir. 2011)
(citing Wilson v. Parker, 515 F.3d 682, 707 (6th Cir. 2008)).

There is no reasonable probability that including the ALPR
argument in Lurry's appeal would have changed the result. Judge
Moore herself raised the issue in a concurrence. The excerpt
quoted above shows that Judge Moore had raised the issue in a
prior case (Ellison) in a dissent. The failure of Lurry's coun-
sel to raise an argument that the Sixth Circuit had previously

19

rejected -- and rejected on Lurry's own appeal -- does not con-
stitute ineffective assistance.[9]

Ground Two of the § 2255 Motion is DENIED.

### 2.    Ground Three of the § 2255 Motion

Ground Three of the § 2255 Motion argues that Lurry entered
his guilty plea without "advice of competent counsel." (§ 2255
Mot. 8; see also Mem. ISO § 2255 Mot. 12-13.)    Ground Three
makes two related points.    First, Lurry contends that his trial
counsel told him (and Lurry's family) that (1) if he pled
guilty, he would receive a sentence of 70 to 87 months; and
(2) if he went to trial and lost, he would receive a higher sen-
tence.    (Mem. ISO § 2255 Mot. 13.)    Thus pressured, Lurry pled
guilty.    (Id.)    Second, Lurry contends that his counsel never
told him "that he could be treated as [an armed career criminal]
and be subjected to significantly increased penalties." (Id.)
The Court understands Lurry to argue that he received ineffec-
tive assistance of counsel as to his guilty plea.

---

[9] Lurry also suggests, as part of Ground Two, that his trial
counsel should have made the ALPR argument in the Motion to Sup-
press.    (Mem. ISO § 2255 Mot. 12.)    That argument fails.    Lur-
ry's counsel did not make the ALPR argument in the Motion to
Suppress.    (See generally Mot. to Suppress.)    The Magistrate
Judge, nevertheless, considered the argument sua sponte, Lurry's
counsel made it in her objections to the R&R (relying on Judge
Moore's dissent in Ellison), and the Court addressed it while
resolving Lurry's objections.    (See, e.g., R&R 12-13; Objs. to
R. & R. on Def.'s Mot. to Suppress 8-19, ECF No. 51 in 09-20312;
Motion-to-Suppress Order 12 n.6.)

In response, the Government argues that Lurry's attorney "provided [him] with a 'rough calculation' of his guideline range _including_ the possibility of him being classified as an Armed Career Criminal." (§ 2255 Resp. 8 (emphasis added); _see also_ Letter from April R. Goode to Landreo Lurry 2 (Nov. 26, 2010), ECF No. 7-2 ("Goode Letter").)  The Government states that, "where the petitioner is advised of the maximum sentence applicable to the offense charged under the guidelines, he is deemed fully aware of the consequences of his plea." (§ 2255 Resp. 9 (citing cases).)  The Government also observes that, during his plea colloquy, Lurry stated that he understood "that the maximum imprisonment for the offense charged was 10 years in prison, but that if he had three prior convictions for violent felonies or serious drug offenses, then the minimum sentence he could receive was 15 years in prison." (_Id._ at 10 (citing Sentencing Tr. 15).)

The _Strickland_ test applies to claims that a petitioner entered into his guilty plea as a result of ineffective assistance of counsel.  _See, e.g._, _Hill v. Lockhart_, 474 U.S. 52, 58 (1985).  To satisfy the "prejudice" prong of the _Strickland_ test in the context of a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." _Id._ at 59.

Lurry's second Ground Three argument fails because, contrary to his representations, he has not shown any attorney error: his counsel <u>did</u> warn him about the possibility of being sentenced as an armed career criminal. In a letter to Lurry dated November 26, 2010 -- well before Lurry pled guilty -- Lurry's counsel estimated that Lurry's sentence could be between 92 and 115 months, and that if he received a three-point acceptance-of-responsibility reduction, the range could be between 70 and 87 months. (Goode Letter 1-2.) Lurry's counsel immediately qualified those statements, stating that they were a "rough calculation" and that she "did not know, at this time, if [Lurry] would qualify for any enhancements which could raise the sentence." (<u>Id.</u> at 2.) She then stated, "The other consideration in your case is whether you qualify as an Armed Career Criminal," and noted that Lurry's prior convictions could qualify him as an armed career criminal. (<u>Id.</u>) "As you probably know," she continued, "an Armed Career Criminal faces a minimum of 15 years (180 months). This is compelled by the statute if your prior convictions qualify you." (<u>Id.</u>)

In the reply in support of his § 2255 Motion, Lurry does not respond to this. (<u>See generally</u> § 2255 Reply.) On this record, there is no dispute that Lurry's counsel warned Lurry, before he pled guilty, that he could be sentenced as an armed career criminal.

To the extent Lurry's first Ground Three argument rests on his counsel's having provided a faulty sentencing estimate of 70 to 87 months, Lurry's argument fails for the reasons discussed above. The record is clear that Lurry's counsel warned him of the potential for a significantly higher sentence.[10]

To the extent Lurry argues that his counsel coerced him into pleading guilty by suggesting that he would receive a higher sentence if he went to trial and lost, his argument also fails. At the change-of-plea hearing, Lurry specifically denied that anyone had "threatened [him] or tried to force [him] in anyway to plead guilty." (Change-of-Plea Tr. 16.) "Petitioner's bare claim that he was coerced into pleading guilty is insufficient to overcome the presumption of verity which attaches to petitioner's statements during the plea colloquy, in which he denied that any threats or coercion had been used to get him to enter his plea." Kue v. Birkett, No. 2:10-CV-11925, 2013 WL 2155527, at *5 (E.D. Mich. May 17, 2013) (citing Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 750-51 (E.D. Mich. 2005)); see also Shanks, 387 F. Supp. 2d at 750-51 (citing cases).

Ground Three of the § 2255 Motion is DENIED.

---

[10] The Court also repeatedly warned Lurry of his potential sentence at the change-of-plea hearing. (Hr'g Tr. 15, 21-22, ECF No. 88 in 09-20312 ("Change-of-Plea Tr.").)

**IV.  CONCLUSION**

Ground One of the § 2255 Motion is DENIED as moot.  Grounds
Two and Three of the § 2255 Motion are DENIED.

Lurry's request for relief under <u>Johnson</u> is GRANTED.  The
judgment in Criminal Case No. 09-20312 is VACATED.  Lurry is
sentenced to time served, to be followed by a three-year period
of supervised release.  All other terms and conditions the Court
imposed in its Judgment in Criminal Case No. 09-20312 are reim-
posed.  This order shall take effect 10 days from entry.

So ordered this 20th day of July, 2017.


                                        /s/_Samuel H. Mays, Jr.    __
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE